OPINION
{¶ 1} Raquel Brinson ("mother"), William Marple ("father"), and Logan and Bryce Marple ("children") separately appeal the Findings of Fact and Conclusions of Law and Judgment Entry entered on September 12, 2006 by the Stark County Court of Common Pleas, Family Court Division, which terminated the mother and father's parental rights, privileges and obligations with respect to the minor children. Appellee is the Stark County Department of Job and Family Services ("DJFS").
 STATEMENT OF THE FACTS AND CASE {¶ 2} Logan Marple (DOB 7-8-99) and Bryce Marple (DOB 1-24-01) are the natural children of Raquel Brinson and William Marple. The children were adjudicated dependent and have been in the custody of DJFS since April, 2004 with the exception of a six month period (December, 2004 — June, 2005) when the children were briefly returned to their mother. Since DJFS involvement with the children, mother has been arrested and convicted of several alcohol-related offenses. In addition, father was incarcerated from August, 2004 until October, 2005 for domestic violence. The minor children were placed together in their current foster home in March, 2006. The foster parents are willing to adopt the boys, now ages 7 and 6.
 {¶ 3} On March 3, 2006, DJFS filed a Motion for Permanent Custody. The trial court held hearings on May 9 and August 29, 2006 regarding this motion. The witnesses who testified include Monica Kress and Christina Schrader, the DJFS caseworkers assigned to this case, Karen Dummermuth, the children's guardian ad litem; and both parents, who were represented by legal counsel. The trial court also conducted an in-camera interview with both boys on September 11, 2006. *Page 3 
 {¶ 4} At hearing, the caseworkers testified in regards to the mother's and father's efforts to comply with the case plan that was develop in June, 2004 by DJFS with reunification as its goal. Ms. Schrader testified that the mother substantially complied with the parenting, domestic violence and alcohol dependency counseling provisions. However, since DJFS's custody of the children, it is undisputed mother committed alcohol-related offenses, including drunk driving, in September 2004, June, 2005 and February, 2006 and August, 2006. Mother also was arrested on several occasions prior to DJFS's involvement. Father completed some, but not all, of the parenting, domestic violence and drug and alcohol counseling provisions, partly due to periods of incarceration. The caseworker further testified that both parents have not submitted timely urine screens to determine sobriety.
 {¶ 5} Attorney Karen Dummermuth testified as the guardian ad litem and issued a written report recommending the children be placed in permanent custody due to the parent's inability to control their substance abuse problems and that this clearly interferes with their ability to protect the children. For example, she noted a domestic violence incident between the parents that resulted in a car accident in which the parents were under the influence of alcohol and the children in the car.
 {¶ 6} Both the caseworker and the guardian agreed the parents have bonded with the children and weekly visitation with the children is consistent. Prior to the permanent custody hearing, neither parent had a stable housing arrangement although their current housing and employment status are now acceptable to DJFS. Both witnesses stated it was a difficult decision to recommend permanent custody to DJFS, but it was necessary and in the best interest of the children to provide a permanent, *Page 4 
safe and stable home. The guardian further noted there are no other appropriate relatives to take custody of the boys.
 {¶ 7} Mother and father both testified against permanent placement of their children. While mother admitted to a long history of alcohol abuse resulting in criminal offenses, she emphasized her commitment to sobriety through Alcoholics Anonymous, her current employment with Bob Evans and satisfactory housing arrangement. Father testified as to his efforts to comply with the case plans through various programs offered in prison, his visitations with the children and efforts to obtain consistent employment. It is undisputed both parents love and are bonded with the children.
 {¶ 8} The trial court also conducted an in camera interview of the children upon request of their counsel. The trial court determined that neither boy appeared competent to express his wishes regarding his care and custody, but noted that the guardian ad litem and the boys' attorney indicated Logan clearly desired to be reunited with his parents, whereas Bryce desired stability and permanency in his life.
 {¶ 9} The trial court further noted it was without jurisdiction to extend temporary custody to afford the mother the opportunity to remain sober and convince the agency and the court that the children could be safely reunited with her, as a planned permanent living arrangement was not requested by the agency and the case had hit its sunset mark. Therefore, the trial court found its options to be limited to either granting permanent custody to allow for permanency in the children's lives, which is a legislative preference, or terminating DJFS custody outright.
 {¶ 10} The trial court granted permanent custody to DJFS and terminated both parent's parental rights and obligations, stating the children have been in custody of *Page 5 
DJFS for 12 or more months in a consecutive 22-month period; the children cannot be placed with either parent at this time or within a reasonable period of time; and it was in the children's best interest to grant permanent custody to DJFS.
 {¶ 11} It is from the trial court's findings of fact, conclusions of law and judgment entry that the mother, father and children appeal. The three appeals have been consolidated for the purposes of this opinion.
 {¶ 12} In Case No. 2006CA00299, the mother assigns as errors:
 {¶ 13} "I. THE JUDGMENT OF THE TRIAL COURT THAT THE MINOR CHILD CANNOT OR SHOULD NOT BE PLACED WITH APPELLANT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 {¶ 14} "II. THE TRIAL COURT ABUSED ITS DISCRETION BY RULING THAT THE BEST INTERESTS OF THE MINOR CHILD WOULD BE SERVED BY GRANTING PERMANENT CUSTODY TO SCDJFS."
 {¶ 15} In Case No. 2006CA00298, the children raise the same errors:
 {¶ 16} "I. THE JUDGMENT OF THE TRIAL COURT THAT THE MINOR CHILDREN CANNOT OR SHOULD NOT BE PLACED WITH MOTHER IS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE.
 {¶ 17} "II. THE JUDGMENT OF THE TRIAL COURT THAT THE BEST INTERESTS OF THE MINOR CHILDREN WOULD BE SERVED BY GRANTING PERMANENT CUSTODY TO SCDJFS IS AGAINST THE SUFFICIENCY AND MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 18} In Case No. 2006CA00276, the father assigns as errors: *Page 6 
 {¶ 19} "I. THE TRIAL COURT ERRED BY GRANTING PERMANENT CUSTODY OF LOGAN MARPLE AND BRYCE MARPLE TO THE STARK COUNTY DEPARTMENT OF JOB AND FAMILY SERVICES BECAUSE ITS DETERMINATION THAT REASONABLE EFFORTS WERE MADE TO ASSIST FATHER IN COMPLETING HIS CASE PLAN AND THAT THE MINOR CHILDREN COULD NOT OR SHOULD NOT BE PLACED WITH EITHER PARENT WITHIN A REASONABLE TIME WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 {¶ 20} "II. THE TRIAL COURT ERRED BY GRANTING PERMANENT CUSTODY OF LOGAN MARPLE AND BRYCE MARPLE TO THE STARK COUNTY DEPARTMENT OF JOB AND FAMILY SERVICES BECAUSE ITS DETERMINATION THAT THE BEST INTERESTS OF THE MINOR CHILDREN WOULD BE SERVED BY GRANTING PERMANENT CUSTODY WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE."
 I. {¶ 21} As an appellate court, we neither weigh the evidence nor judge the credibility of the witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. Cross Truck v. Jeffries (Feb. 10, 1982), Stark App. No. CA-5758. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. C.E. Morris Co. v. Foley Constr. (1978), 54 Ohio St. 2d 279,379 N.E.2d 578.
 {¶ 22} Revised Code § 2151.414 sets forth the guidelines a trial court must follow when deciding a motion for permanent custody. R.C. §2151.414(A)(1) mandates the *Page 7 
trial court must schedule a hearing, and provide notice, upon the filing of a motion for permanent custody of a child by a public children services agency or private child placing agency that has temporary custody of the child or has placed the child in long-term foster care.
 {¶ 23} Following the hearing, R.C. 2151.414(B) authorizes the trial court to grant permanent custody of the child to the public or private agency if the court determines, by clear and convincing evidence, that it is in the best interest of the child to grant permanent custody and that any of the following apply: (a) the child is not abandoned or orphaned, and the child cannot be placed with either of the child's parents within a reasonable period of time or should not be placed with the child's parents; (b) the child is abandoned; (c) the child is orphaned and there are no relatives of the child who are able to take permanent custody; or (d) the child has been in the temporary custody of one or more public children services agencies or private child placement agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999.
 {¶ 24} Therefore, R.C. § 2151.414(B) establishes a two-prong analysis the trial court must apply when ruling on a motion for permanent custody. In practice, the trial court will usually determine whether one of the four circumstances delineated in R.C. 2151.414(B)(1)(a) through (d) is present before proceeding to a determination regarding the best interest of the child.
 {¶ 25} In this case, the trial court found that two of the four circumstances delineated in R.C. 2151.414(B)(1) were found by clear and convincing evidence. First, the trial court found that the Marple children have been in DJFS custody for 12 or more *Page 8 
months in a consecutive 22 month period under division (d) of the statute. No party has appealed this finding. Pursuant to R.C.2151.414(B)(1) this conclusive finding, coupled with a showing by clear and convincing evidence that permanent custody is in the best interest of the children, provides a sufficient basis for this Court to affirm the trial court.
 {¶ 26} Nevertheless, this Court will address the issues raised by the Appellants' first assignments of error because the trial court further determined that the children cannot be placed with either parent at this time or within a reasonable period of time under division (a) of the statute. Appellants claim this finding is against the manifest weight of the evidence.
 {¶ 27} Under R.C. § 2151.414(E), the trial court must consider all relevant evidence before making this determination. The trial court is required to enter such a finding if it determines, by clear and convincing evidence, that one or more of the factors enumerated in R.C. § 2151.414(E)(1) through (16) exist with respect to each of the child's parents.
 {¶ 28} The trial court found by clear and convincing evidence that the following factors set forth in R.C. § 2151.414(E) were present: (1) Following the placement of the child outside the child's home and notwithstanding reasonable case planning and diligent efforts by the agency to assist the parents to remedy the problems that initially caused the child to be placed outside the home, the parent has failed continuously and repeatedly to substantially remedy the conditions causing the child to be placed outside the home. In determining whether the parents have substantially remedied those conditions, the court shall consider parental utilization of medical, psychiatric, psychological, and other social and rehabilitative services and material resources that *Page 9 
were made available to the parents for the purpose of changing parental conduct to allow them to resume and maintain parental duties; and (2) Chronic * * * chemical dependency of the parent that is so severe that it makes the parent unable to provide adequate permanent home for the child at the present time and, as anticipated, within one year after the court holds the hearing for permanent custody.
 {¶ 29} In regards to termination of the mother's parental rights, the trial court found that "due to mother's severe alcohol addiction, placement of the children with her would place them at risk now and in a reasonably foreseeable time." This Court finds relevant competent, credible evidence was given at the motion hearing to support this finding. Despite mother's counseling and treatment efforts, spanning not only throughout the pendency of this case but in years prior to DJFS involvement, mother has been unable to control her alcohol addiction. Her addiction also has lead to instability in her residential accommodations, drunken driving convictions, and domestic violence in the presence of her children. Accordingly, this Court finds the trial court's finding that the children cannot or should not be placed with mother was not against the manifest weight of the evidence.
 {¶ 30} Father raised a separate issue in his first assignment of error, stating that the trial court erred in determining that reasonable efforts were made to assist father in completing his case plan. The trial court found that "due to the father's failure to address his case plan, particularly a long term batterer's program, the boys cannot be placed with him now or in a reasonably foreseeable time". The father's case plan and its amendments included the following goals: (1) complete a psychological evaluation *Page 10 
and follow any recommendations; (2) complete anger management counseling; and (3) involvement in a long term domestic violence treatment program.
 {¶ 31} Father was incarcerated during much of the time of the DJFS's involvement with the children. He did not complete anger management or parenting classes as ordered, but father stated he completed similar programs in prison. Father was incarcerated most of 2004 and 2005. He is on probation and was employed at the time of hearing but does not have a stable employment history. In February 2006, father was ordered by the trial court to attend Goodwill parenting classes but he did not attend the classes. Father claimed lack of knowledge and then delay in getting paperwork from the social worker as the reason for his lack of compliance. Lastly, the social worker testified that she signed father up for "Intercede", an anger management/batterers program, in the spring of 2006 and the treatment was paid for by DJFS, but father did not begin to attend the weekly classes until July 20, 2006.
 {¶ 32} The record in this case is clear that father has a criminal history of violence and substance abuse. While in prison, he received treatment, but prior to and after prison, he lacked commitment to any ongoing or long-term treatment program as set forth in the case plan and ordered by the trial court. The father's claim that DJFS failed to use reasonable efforts to assist him in completing his case plan is contrary to the evidence before the trial court. The social workers repeatedly urged the father to comply with the case plan provisions and assisted him in signing up and paying for at least one program. DJFS even inspected his residence in July, 2006 (once he established a residence in February, 2006) even though he was non-compliant with the case plan and therefore DJFS could not consider him for placement or reunification. *Page 11 
 {¶ 33} For these reasons, this Court finds the trial court's finding that the children cannot or should not be placed with father was not against the manifest weight of the evidence.
 {¶ 34 Appellants' first assignments of error are overruled.
 II. {¶ 35} In their second assignments of error, Appellants contend the trial court's finding that the best interest of the boys would be served by granting permanent custody was against the manifest weight and sufficiency of the evidence.
 {¶ 36} In determining the best interest of the child at a permanent custody hearing, R.C. § 2151.414(D) mandates the trial court must consider all relevant factors, including, but not limited to, the following: (1) the interaction and interrelationship of the child with the child's parents, siblings, relatives, foster parents and out-of-home providers, and any other person who may significantly affect the child; (2) the wishes of the child expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child; (3) the custodial history of the child; and (4) the child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody.
 {¶ 37} Of paramount concern to the trial court and this Court is the safety of the Marple children. See also, In re A.B. v. Summit CountyChildren Services Board (2006) 110 Ohio St.3d 230, 234, 852 N.E.2d 1187,1191 (the law places safety as the paramount concern in the delivery of child welfare services and decision-making). In making determinations relative to permanent custody, a court shall not consider the *Page 12 
effect the granting of permanent custody to the agency would have upon any parent or child. R.C. § 2151.414 (C).
 {¶ 38} In light of the extended period of time the children have been in the custody of DJFS, the mother's ten-year alcohol problem, the father's history of domestic violence, the lack of extended family support, the young ages of the boys, and the report of the guardian ad litem, this Court finds the trial court's decision to permanently sever the parental relationship in the best interest of the children is supported by reliable, credible and competent evidence.
 {¶ 39} Appellants' second assignments of error are overruled.
 {¶ 40} The judgment of the Stark County Court of Common Pleas, Juvenile Division, is affirmed By: Delaney, J. Wise, P.J. and Edwards, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Department of Job and Family Services County Court of Common Pleas is affirmed. Costs assessed to appellant. *Page 1